Magdy A. SABRY, Plaintiff—Appellant,

v.

DESERT PALACE, INCORPORATED,
dba Caesars Palace, Defendant—
Appellee,

and

Marshall Enzer, et al., Defendants.

No. 01–15525.

D.C. No. CV–96–01153–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2002.

Decided May 22, 2002.

Before HAWKINS, SILVERMAN,
Circuit Judges, and RESTANI, Judge.*

MEMORANDUM **

Magdy Sabry appeals a jury verdict in favor of Desert Palace, Inc., rendered after a trial to determine Desert Palace's liability for racial discrimination in violation of Title VII of the Civil Rights Act. He argues that two instructions proffered to the jury, defining "supervisor" for the purpose of imputing liability to Desert Palace under Title VII, are wrong as a matter of law. We review *de novo* jury instructions

challenged as misstatements of the law. *See Voohries–Larson v. Cessna Aircraft, Co.*, 241 F.3d 707, 713 (9th Cir.2001). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, and affirm the jury's verdict.

Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

Sabry argues that the district court erroneously instructed the jury that the power to recommend disciplinary or other such adverse employment action is insufficient to establish supervisory authority as a matter of law. However, the record does not indicate that Sabry's counsel requested an alternative jury instruction or alternative language to the instruction the district court announced it would give. Thus, to the extent Sabry argues that the "conduit supervisor" definition should have been reflected in the jury instructions, that argument is waived. *See United States v. Alcan Electrical and Engineering, Inc.*, 197 F.3d 1014, 1019 (9th Cir.1999) (arguments raised by appellant on appeal for the first time in reply brief are waived and the Court need not consider them).

AFFIRMED.

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.